# **CONTINUATION**

1. I, Jordan Beimers, Deputy United States Marshal, am a Criminal Investigator assigned to the Grand Rapids, Michigan office. I have been employed with the United States Marshals Service for over ten years. One of my main responsibilities is to investigate crimes involving individuals who are convicted sex offenders that have failed to register as required by 18 United States Code 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

2. This affidavit is made in support of a criminal complaint charging Roger Glen STURDAVANT with failure to register as a sex offender, in violation of 18 U.S.C. § 2250.

3. I have been advised of the applicable statutes. On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 became effective. Included in the provisions of the Act is Section 2250 of Title 18, a federal felony provision for failing to register as a sex offender, which states in part:

   § 2250. Failure to Register

   (a) IN GENERAL.—Whoever—
   (1) is required to register under the Sex Offender Registration and Notification Act;
       (2)   (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
           (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
       (3)   Knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both.

   (b) AFFIRMATIVE DEFENSE.— In a prosecution for a violation under subsection (a), it is an affirmative defense that—
       (1) uncontrollable circumstances prevented the individual from complying;
       (2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and
       (3) the individual complied as soon as such circumstances ceased to exist.

The Sex Offender Registration and Notification Act provides in part:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> Title 34 U.S.C. § 20913(a)

Congress authorized the United States Marshals Service to act as the lead agency for the investigation and apprehension of individuals who fail to register.

> (a) IN GENERAL.—The Attorney General shall use the resources of Federal law enforcement, including the United States Marshals Service, to assist jurisdictions in locating and apprehending sex offenders who violate sex offender registration requirements. For the purposes of section 566(e)(1)(B) of title 28, United States Code, a sex offender who violates a sex offender registration requirement shall be deemed a fugitive.

4. I have also been advised of the Eastern District of Michigan case, *Doe v. Snyder*, ___F. Supp. 3d ____, 2020WL758232 (E.D. Mich. Feb. 14, 2020), where the court found Michigan's sex offender registry to unconstitutional and declared null and void, but delayed the effective date of the holdings of the order. On April 6, 2020, the court then suspended its order indefinitely due to complications caused by COVID-19. *Doe v. Snyder*, ___F.Supp.3d ___, 2020WL1684156 (E.D. Mich., April 6, 2020). On June 21, 2021, the district court issued a final order. *Doe v. Snyder*, 2021 WL 2525436 (E.D. Mich. June 21, 2021). The court reviewed the events subsequent to its February 14, 2020 order and noted that on December 31, 2020, the Michigan Legislature passed Public Act 295 ("new SORA") which adopted numerous amendments to Michigan's SORA statute designed to address the constitutional infirmities that this court found in the registry. The new SORA became effective March 24, 2021. The new SORA removed or modified all provisions that the district court found to be unconstitutional. I was further advised that in *Willman v. Attorney General of the United States*, 972 F.3d 819 (6th Cir. 2020), the Sixth Circuit held that SORNA applies to sex offenders, even if the offender lacks state-law sex offender registration and notification obligations. That is, SORNA has its own federal duty to register for individuals convicted of a sex offense. The *Willman* Court expressly addressed the issue that the Michigan Sex Offender registry has been held defective and held that a convicted sex offender must still register as required by federal law.

5. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation. Not all information known to me is included in this affidavit.

6.  On November 20, 1992, STURDAVANT was convicted of Sexual Abuse of a Minor 2nd degree, and Sexual Abuse of a Minor 3rd degree, in the State of Alaska. STURDAVANT was sentenced to 5 years in prison on count one, and 8 years custody on count two.

7.  On June 6, 2002, STURDAVANT was convicted of Possession of Child Pornography in the State of Alaska. STURDAVANT was sentenced to 3 years of custody. Based on these convictions, STURDAVANT is required to register quarterly, for life, with the Alaska Sex Offender Registry (SOR). STURDAVANT is also required to register under the Sex Offender Registration and Notification Act (SORNA) in each state where he lives, works, and attends school.

8.  On April 28, 2017, STURDAVANT was last released from custody from the Anchorage Jail in Alaska. On June 1, 2017, STURDAVANT completed his term of state probation supervision in Alaska. On June 24, 2018, STURDAVANT initialed and signed the Alaska Sex Offender/Child Kidnapper Acknowledgment of Requirements and Duties form, which states "I must provide written notice of a change in residence to the Alaska State Troopers post of municipal police department located nearest to my new residence, or to the Alaska Sex Offender/Child Kidnapper Central Registry Office if I reside within the Municipality of Anchorage, by the next working day following the change." In addition to this acknowledgement, a section on the form also states, "If I move out of Alaska I must comply with the registration requirements of the jurisdiction I am moving to and I must provide proof that I am not physically present in Alaska before my information will be removed from the Alaska Sex Offender/Child Kidnapper Central Registry."

9.  On September 1, 2018. STURDAVANT signed and submitted (via mail) his last quarterly Alaska SOR registration form. On the registration form signed by STURDAVANT, the form states above the signature line "I understand that if I move out of Alaska I must comply with the registration requirements of the jurisdiction I am moving to and that I must provide proof that I am not physically present in Alaska before my information will be removed from the Alaska Sex Offender/Child Kidnapper Central Registry."

10. On April 23, 2019, the Anchorage Police conducted a sex offender compliance check on STURDAVANT and discovered that he was no longer living at his registered address and was advised he had last stayed there in September 2018. On April 24, 2019, a state warrant was issued for STURDAVANT for Failure to Register as a Sex Offender.

11. The US Marshals Service (USMS) in Alaska opened an investigation into STURDAVANT on March 27, 2020. The investigation determined STURDAVANT is believed to be living at the Shady Lawn Motel at 16390 Northland Dr, Sand Lake, MI 49343. The USMS in the Western District of Michigan was notified and opened an investigation on April 27, 2020.

12. As part of this investigation, I searched to see if STURDAVANT had a Facebook account. He has a Facebook account that has publicly available information. On October

      6, 2018, STURDAVANT posted on his public Facebook page photographs and wrote, "My new little cabin." and "My little cabin #2". In the comments section of one of the posts a friend asks "where ya at" and STURDAVANT replies, "The Shady Lawn Motel between Cedar Springs and Sand Lake."

13. On February 23, 2020, STURDAVANT posted on his public Facebook page, a photo of himself with the caption, "Alright Facebook friends amd family.. The beard..Shave it off or not?" One of the comments says, "Make ya look younger but then again, who's gonna be Santa? Living in Alaska you might need it" To which STURDAVANT replies in part, "I'm actually in Sand Lake Michigan for the last year a half…"

14. On July 9, 2020, STURDAVANT posted on his public Facebook page, a video with the caption "Much needed thunderstorm". In the comment section a friend asks, "Bro are you still at Shady Lane?" STURDAVANT replies, "Yes I am."

15. On December 10, 2020, Deputy US Marshals Jessica Erickson and Tim Dawe spoke with Dan Bleeker at the Shady Lawn Motel. Mr. Bleeker recognized a photograph of STURDAVANT and identified him as the resident of cottage number 8. Mr. Bleeker stated that according to the computer records, STURDAVANT has been a resident of the Shady Lawn Motel continuously since October 6, 2018.

16. Mr. Bleeker provided the USMS with a printout of STURDAVANT's payment history, and hand wrote, "Roger has been with us from 10/6/18 to date 12/10/20." Mr. Bleeker signed the document, along with DUSMs Erickson and Dawe.

17. On February 9, 2022, I received an official letter from the Michigan State Police Sex Offender Registry Unit verifying that STURDAVANT does not have an active registration record on file. According to the letter, if STURDAVANT were to register in Michigan, he would be required to register as a Tier III offender which requires lifetime registration. STURDAVANT would be required to verify in person four times per year.

18. On February 16, 2022, I spoke with Mary Bleeker at the Shady Lawn Motel. Ms. Bleeker also verified that STURDAVANT has been continually living in cottage number 8 since October 6, 2018. On February 24, 2022, I had a follow up phone conversation with Dan Bleeker. Mr. Bleeker stated that STURDAVANT pays with cash on a weekly basis, that he does not have a vehicle but rides a bicycle, and Mr. Bleeker does not believe that STURDAVANT has a job.

19. Based on the information above, there is probable cause to believe that Roger Glen STURDAVANT was convicted of a sex offense that required him to register as a sex offender.  He knew he had a duty to register, left the State of Alaska, was residing in Sand Lake, Michigan, and failed to register as a sex offender with the State of Michigan Sex Offender Registry, in violation of 18 U.S.C. § 2250(a).